UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 1:11-cv-20237-KMW

EDY SANTANA,

        Plaintiff,

v.

777 BRICKELL PARTNERS, LLC,
d/b/a TRULUCK'S SEAFOOD
STEAK & CRAB HOUSE,

        Defendant.

## DEFENDANT'S TENDER OF FULL PAYMENT AND MOTION TO DISMISS COMPLAINT WITH PREJUDICE

Defendant, 777 BRICKELL PARTNERS, LLC d/b/a Truluck's Seafood, Steak and Crab House (hereinafter referred to as "Defendant" or "Truluck's"), by and through its undersigned counsel, and pursuant to the Rule 12(h)(3) of the Federal Rules of Civil Procedure, hereby files and serves its Tender of Full Payment and Motion to Dismiss Complaint with Prejudice in the above-referenced matter. In further support thereof, Defendant states:

1

## TENDER OF FULL PAYMENT

1.      Plaintiff filed his complaint against Truluck's in county court on or about November 15, 2010.  (D.E. 1-4).

2.      Plaintiff filed a first amended complaint on January 10, 2011 raising claims under the FLSA.  (D.E. 1-10).

3.      Plaintiff filed a second amended complaint on February 25, 2011 correcting his factual allegations.  (D.E. 15, 19).

4.      Plaintiff sued Truluck's for failure to pay him minimum wages for 3-4 hours of orientation he alleges he attended on November 9, 2011 under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206(a), and for retaliatory discharge[1] as prohibited by the FLSA under 29 U.S.C. § 215(a)(3).  (D.E. 19, ¶¶ 1, 2, 19; 52-2, pp. 46-47; 52-3, p. 24).[2]

5.      Plaintiff is seeking $7.25 per hour for the 3-4 hours he claims to have spent in training.  (D.E. 52-3, p. 24).

6.      Plaintiff claims he is entitled to be paid for 2 to 3 hours he alleges he spent studying at home. Santana's deposition (D.E.  52-4, p. 10).

---

[1] The retaliation claim was resolved in Defendant's favor.  (D.E. 71).
[2] D.E. 52-2, 52-3, and 52-4 refer to the transcript of Plaintiff's deposition previously filed with this Court.

7.      Accordingly, Defendant tenders to Plaintiff payment of the 7 hours he allegedly spent in training and studying at home at the rate of $7.25 per hour.[3]

8.      Although Defendant vigorously denies that Plaintiff ever attended any orientation or training session or worked for Defendant and all of Plaintiff's allegations, Plaintiff's claims, and that Defendant owed Plaintiff any amount of money for unpaid wages or any damages, to render Plaintiff's claim moot, Defendant tenders to Plaintiff payment in full. Defendant's tender was based on Plaintiff's own testimony and calculation of alleged damages.  A photocopy of the check tendered to Plaintiff is attached as Exhibit A to this Motion.

9.      Although Defendant denies owing any liquidated damages in this matter, Defendant tenders $50.75 to Plaintiff, which represents alleged statutory liquidated damages to render Plaintiff's claim moot.

## MOTION TO DISMISS

10.     Having tendered payment in full for all amounts that Plaintiff could recover, according to Plaintiff's own version of the facts in his second amended complaint and deposition filed in the record in this action,

---

[3] Defendant has included with the wage payment an I.R.S. Form W-4 which Plaintiff is required by law to sign and return.  The form is attached hereto as Exhibit B.

3

Defendant has eliminated any controversy or cause of action available to be pursued by Plaintiff in this Court, and dismissal with prejudice, pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure of Plaintiff's claim is appropriate and necessary.

11.    Rule 12(h)(3) states in relevant part: "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."

12.    As Defendant has tendered to Plaintiff all amounts that he could possibly be owed to Plaintiff or that he could recover in any jury action, without judicial intervention, Plaintiff is not entitled to any award of attorneys' fees or costs as Plaintiff is not a prevailing party in this action.

13.    Essentially, Defendant's tender of Plaintiff's maximum recoverable damages under the FLSA for wages has rendered his case moot, and Defendant's motion to dismiss with prejudice must be granted.  See Dionne v. Floormasters Enters., 647 F.3d 1109 (11th Cir. 2011); Cameron-Grant v. Maxim Healthcare Services, Inc., 347 F.3d 1240, 1244 (11th Cir. 2003); Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health and Human Resources, 532 U.S. 598, 601 (2001).

WHEREFORE, as Plaintiff's case is moot, Defendant respectfully moves this Court for an order dismissing Plaintiff's claims with prejudice,

4

together with an order that Plaintiff is not entitled to any award of attorneys'
fees or costs as Plaintiff is not a prevailing party in this action on the wage
claim.

## **SUPPORTING MEMORANDUM OF LAW**

Although Defendant vigorously denies that Plaintiff ever attended any
orientation or training session or worked for Defendant and all of Plaintiff's
allegations, Plaintiff's claims, and that Defendant owed Plaintiff any amount
of money for unpaid wages or any damages, to render Plaintiff's claim moot,
Defendant tendered to Plaintiff payment in full.  As such, Plaintiff cannot be
considered a prevailing party in this action and as a non-prevailing Plaintiff,
under the FLSA, he is not entitled to any award of attorneys' fees or costs.

The mootness doctrine applies to FLSA actions.  Cameron-Grant v.
Maxim Healthcare Services, Inc., 347 F.3d 1240, 1244 (11th Cir. 2003).  In
this case, Defendant's tender of Plaintiff's maximum recoverable damages,
based on Plaintiff's own sworn testimony and calculations, has rendered his
case moot and defendant's motion to dismiss must be granted.  See Goss v.
Killian Oaks House of Learning, 248 F. Supp. 2d 1162, 1167 (S.D. Fla.
2003); Gathagan v. The Rag Shop/Hollywood, Inc., Case No. 9:04-CV-
80520, Document 29 (S.D. Fla. Feb. 9, 2005).

5

This is not a settlement.  Defendant has voluntarily tendered payment. Defendant has not sent Plaintiff a settlement agreement nor asked the Court to approve any settlement agreement or to retain jurisdiction for the enforcement of any settlement.

In this case, there has been no judicial determination of any wage claim under the FLSA, no settlement between the parties, or supervision by the Secretary of Labor.  Additionally, Defendant vigorously denies all of Plaintiff's claims and is only tendering $101.50 to moot his claims. Therefore, there has been no judgment entered against Defendant, no determination of violations of the wage provisions of the FLSA, and no settlement for this Court to approve, scrutinize or determine the reasonableness thereof.  Plaintiff has been offered full compensation on his wage claim.  Therefore, there is no compromise of that claim and no judicial approval required.  Dail v. George A. Arab, Inc., 391 F.Supp.2d 1142 (M.D. Fla. 2005) (citing Mackenzie v. Kindred Hospitals East, LLC, 276 F. Supp.2d 1211, 1217 (M.D. Fla. 2003).

## CONCLUSION

Based upon the facts and applicable law as set forth herein, Defendant respectfully requests that this Court dismiss Plaintiff's second amended complaint with prejudice and issue an order that Plaintiff is not entitled to

any award of attorneys' fees or costs as Plaintiff is not a prevailing party in this action.

Dated:      October 14, 2011            Respectfully submitted,


By: s/Elizabeth M. Rodriguez
Elizabeth M. Rodriguez
Florida Bar No. 821690
erodriguez@fordharrison.com
FORD & HARRISON LLP
100 S.E. 2nd Street, Suite 2150
Miami, Florida 33131
Telephone (305) 808-2143
Facsimile (305) 808-2101
Attorney for Defendant
777 Brickell Partners, LLC, d/b/a
Truluck's Seafood Steak & Crab House


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th of October, 2011, the foregoing was served by U.S. Mail upon the following:

Plaintiff Edy Santana
9041 S.W. 122nd Avenue
Apartment 203
Miami, FL  33186
(305) 746-1063
esantana44@yahoo.com


s/Elizabeth M. Rodriguez
Elizabeth M. Rodriguez

Miami:169195.1